**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES "GARY" KITCHENS and     :
REBECCA KITCHENS,             :
                              :
          Plaintiffs,         :
                              :
v.                            :     No. CIV-04-769
                              :
SMITH'S FOOD & DRUG CENTER,   :
                              :
          Defendant.          :

**RULING ON MOTIONS FOR JUDGMENT AS A MATTER OF LAW,
OR IN THE ALTERNATIVE, FOR A NEW TRIAL**

This case was presented to a jury on August 22, 23 and 24, 2005.  On August 24, the jury rendered a verdict in plaintiff's favor, with 63% percent of the tort liability attributed to defendant Smith's Food & Drug Center.  Additionally, the jury found that Frito-Lay was 27% at fault, and that plaintiff was 10% at fault.

Defendant moves for judgment as a matter of law, or in the alternative, for a new trial.  For the following reasons, the motions for judgment as a matter of law, or in the alternative for a new trial, will be denied.[1]

**DISCUSSION**

The standard for reviewing a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) is well settled.

_____

[1]For purposes of this ruling, the Court assumes the parties' familiarity with the factual background of this case.

1

Judgment as a matter of law is appropriate only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue...." Fed. R. Civ. P. 50.   A court may grant the motion "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." O.E.R., Inc. v. Hickerson, 880 F.2d 1178, 1180 (10th Cir. 1989).

Pursuant to Rule 59(a), a new trial is generally warranted only when a jury has reached a seriously erroneous result as evidenced by the following circumstances: (1) the verdict is against the weight of the evidence; (2) the damages are excessive; or (3) the trial is unfair to the moving party in some manner, such as being influenced by prejudice or bias. Goico v. Boeing & Co., 358 F.Supp.2d 1028, 1030 (D.Kan. 2005)

Defendant argues that judgment should enter in its favor because it breached no duty.  Defendant's argument rests primarily upon the fact that the shelving at issue was intended to hold chips and other products but was not intended to bear the weight of a person.

Consistent with the law of New Mexico, this Court provided the following instruction:

> When conditions of a premises are involved, an owner owes a
> visitor the duty to exercise ordinary care to keep the
> premises safe for the visitor's use.  This duty applies
> whether or not a dangerous condition is obvious.  In
> performing this duty, the owner is charged with knowledge of
> any condition on the premises of which the owner would have

had knowledge had it made a reasonable inspection of the premises, or which was caused by the owner or its employees.

The jury heard evidence relative to the shelving's intended use, plaintiff's training by Frito-Lay employees to misuse the shelving by climbing on it while delivering the Frito-Lay product, and plaintiff's failure to "go out of his way" to find a ladder on the day of the accident.  However, the jury also heard testimony that Frito-Lay employees incurred difficulty locating the ladder in the store, and that Smith's had notice of the misuse and prior accidents involving Frito-Lay employees falling from the shelving.  James Santisteven testified that he had discussed the problems posed by the back stock area at Smith's and requested certain changes that would better meet the needs of Frito-Lay and its employees.  Mr. Santisteven reported that Smith's refused to make his proposed changes.

Accordingly, defendant could have reasonably foreseen that an injury such as plaintiff's would occur as a result of the practice of Frito-Lay employees to climb the shelves at Smith's. Although Smith's had no control over the manner in which plaintiff did his work, Smith's had control over the premises and had notice of the Frito-Lay employees' practice to climb the shelves and the potential for injury posed by that practice.

Defendant also challenges the jury's verdict as unsupported by substantial evidence.  Defendant suggests that the jury's decision was engendered by bias against the corporate defendant. However, the jury's finding on damages was supported by evidence

3

presented at trial.  Further, the jury's apportionment of fault among Smith's, Frito-Lay, and plaintiff reflects an assessment of witness credibility and application of the facts to the law as instructed by this Court.

Accordingly, the motion for judgment as a matter of law or for a new trial will be denied.

**CONCLUSION**

Based on the foregoing discussion, the pending Motions for Judgment as a Matter of Law, or in the alternative, for a New Trial [#53-1 & 2] are DENIED.


SO ORDERED this 28th day of October, 2005.


                              _____/s/_____
                              Warren W. Eginton
                              Senior U.S. District Judge Sitting
                              by Designation